### No. 296
### CLARK et al v. LEE et al
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4369. Decided Feb. 20, 1924

923. PLEADING—Demurrer will lie to a petition alleging wrongful act of officers of a lodge if constitution and general rules of the lodge attached to petition as part thereof, permit such act, as they are equivalent to affirmative allegations of petition.

SULLIVAN, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Clark et al, on behalf of 800 members of the Brotherhood of R. R. Trainmen, sued the officers and members of the Grand Lodge of the Brotherhood, praying that the court find that certain contracts of insurance belonging to them have been wrongly rescinded by the officers, praying for a receiver for the beneficiary funds amounting to $5,000,000, and that this fund be distributed to the members. The constitution and general rules of the order were attached to and made part of the petition.

Lee et al demurred to the petition on the grounds of the misjoinder of parties plaintiff, failure to state facts sufficient to constitute a cause of action, and want of jurisdiction over the subject of the action. The petition alleged that the plaintiffs were expelled without lawful authority, but failed to specify the cause of the expulsion. The constitution and rules provided that if any member claimed his rights had been invaded, he could appeal to the grievance committee, the president, board, Grand Lodge, etc. The petition did not allege that remedial action was sought and exhausted, denied and refused. In sustaining the demurrer, the Court of Appeals held:

1. "Since the constitution and general laws are attached to and made part of the petition,

every provision thereof is equivalent to an affirmative allegation of the petition."

2. "Under the well settled law, that the provisions of the organic law adapted to public organizations of that character, must be appealed to and exhausted before recourse by the courts, the demurrer lies to the petition because it does not allege that remedial action was not only sought and exhausted but denied and refused. He who asks equity must do equity."

Attorneys — Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Clark; Stebbins, Carey, L'Amoreaux & Hurtubise, Chicago, for Lee.